1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BILLY DRIVER, JR.,                      No.  2:25-cv-00950 DC CSK P

12                    Plaintiff,              ORDER

13          v.

14    C. CASTILLO, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.[1]

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will

---

[1]  Plaintiff has been found to be subject to the three strikes bar under 28 U.S.C. § 1915(g) and
ordered to pay the filing fee.  See Driver v. Mueller, 2:23-cv-01233 DAD KJN P (E.D. Cal. Oct.
19, 2023).  At this time, this Court cannot determine whether plaintiff meets the imminent danger
exception to Section 1915(g).  For this reason, plaintiff's motion to proceed in forma pauperis is
granted, subject to revocation should it later be determined that plaintiff does not meet the
imminent danger exception to Section 1915(g).

1

1    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

2    and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

3    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

4    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

6    § 1915(b)(2).

7            As discussed below, plaintiff's complaint is dismissed with leave to amend.

8    **I.  SCREENING STANDARDS**

9            The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

12   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

17   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

21   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

22   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

23   1227.

24           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

25   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

27   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

2

1  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

2  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

3  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

4  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

5  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

6  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

7  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

8  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

9  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

10  **II.  DISCUSSION**

11      Named as defendants are Correctional Counselor Castillo, Warden Schultz, inmate Stone,

12  Lieutenant Anderson, Correctional Officer Alvarado and Dr. Williams.  (ECF No. 1 at 1-3.)  The

13  alleged deprivations took place at California State Prison-Sacramento ("CSP-Sac").  (Id. at 1.)

14  Plaintiff raises an Eighth Amendment failure-to-protect claim.  (Id. at 4.)  Plaintiff alleges that

15  defendants Castillo, Schultz, Anderson, Alvarado and Stone failed to adequately supervise

16  plaintiff's safe housing.  (Id.)  Plaintiff alleges that these defendants failed to take corrective

17  action in response to high rates of assault.  (Id.)  Plaintiff alleges that these defendants chose to

18  ignore plaintiff's staff safety concerns, telling plaintiff that prisoners cannot have staff safety

19  concerns, and that California Department of Corrections and Rehabilitation ("CDCR") officers

20  cannot give inmates synthetic heroin or methadone to assault or kill other prisoners.  (Id.)

21      At the outset, this Court dismisses the claims against defendant inmate Stone because

22  plaintiff has not pled sufficient facts demonstrating that inmate Stone is a state actor.  In order to

23  state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of

24  state law at the time the complained of act was committed; and (2) defendant's conduct deprived

25  plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United

26  States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Private individuals

27  generally do not act under color of state law, and therefore are not liable under § 1983.  See Fear

28  v. CDCR  Employees at San Quentin, 2015 WL 2395871, at *3 (N.D. Cal. May 19, 2015).

However, a private party may act under color of state law if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).  For example, state action may be found where private individuals conspire with a government actor.  See Dennis v. Sparks, 449 U.S. 24, 29 (1980).  Plaintiff fails to plead any facts suggesting that inmate Stone was a state actor.  Accordingly, plaintiff's claims against inmate Stone are dismissed.

In addition, Plaintiff's complaint contains no allegations against defendant Dr. Williams.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The claims against defendant Williams are dismissed because the complaint contains no

1  allegations against defendant Williams.  If plaintiff files an amended complaint naming defendant

2  Williams, plaintiff shall describe the acts of defendant Williams which allegedly violated

3  plaintiff's constitutional rights.

4      Regarding defendants Castillo, Schultz, Anderson and Alvarado, plaintiff raises an Eighth

5  Amendment failure-to-protect claim.  Prison officials are obligated by the Eighth Amendment to

6  take reasonable measures to protect prisoners from violence by others.  See Farmer v. Brennan,

7  511 U.S. 825, 833 (1994).  To state a failure-to-protect claim against an official, an inmate must

8  allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and

9  (2) that the official was deliberately indifferent to his safety.  See id. at 834.  "Deliberate

10  indifference" occurs when an official knows of and disregards an excessive risk to an inmate's

11  safety.  See id. at 837.  "[T]he official must both be aware of facts from which the inference could

12  be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

13      Plaintiff appears to claim that defendants Castillo, Schultz, Anderson and Alvarado

14  ignored plaintiff's safety concerns regarding CDCR officers allegedly giving inmates synthetic

15  heroin or methadone to coerce inmates to assault other inmates.  However, plaintiff pleads no

16  facts demonstrating that plaintiff faced a substantial risk of harm from being assaulted by inmates

17  who had allegedly been given synthetic heroin or methadone by CDCR officers.  Plaintiff does

18  not allege that plaintiff was ever threatened with an assault or assaulted by an inmate who had

19  been given synthetic heroin or methadone by a CDCR officer.  Plaintiff also pleads no facts

20  supporting his claim that CDCR officers gave inmates synthetic heroin or methadone to coerce

21  inmates to assault other inmates.  For example, plaintiff alleges no actual instances of inmates,

22  who had been given synthetic heroin or methadone by CDCR officers, assaulting other inmates.

23  Plaintiff also fails to allege what he told defendants regarding the alleged threat to plaintiff's

24  safety.  Without the information discussed above, this Court cannot determine whether plaintiff

25  states a potentially colorable Eighth Amendment failure-to-protect claim.  Accordingly, this claim

26  is dismissed.  If plaintiff files an amended complaint, plaintiff shall also address when the alleged

27  threats to his safety occurred and when he informed defendants of the alleged threats to his safety.

28  If this Court misunderstood plaintiff's failure-to-protect claim, plaintiff shall clarify the grounds

1    of this claim in an amended complaint.

2          Finally, attached to plaintiff's complaint are 26 pages of exhibits.  (ECF No. 1 at 6-32.)

3    Included in these exhibits are an order from the United States District Court for the Northern

4    District of California, a Daily Program Status Report, twelve pages of grievances filed by plaintiff

5    and responses by prison officials to plaintiff's grievances, classification committee chronos and a

6    restricted housing unit placement notice.  (Id.)  Although the court liberally construes pro se

7    complaints, "the court will not comb through attached exhibits to determine whether a claim

8    could possibly be stated based on material in the exhibits where the pleading itself does not state a

9    claim."  Moore v. C.F.Y. Development Inc., 2025 WL 775505, at *2 (E.D. Cal. Mar. 11, 2025)

10   (citing Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR

11   Health Care, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022)).  For this reason, this Court will

12   not review the exhibits attached to the complaint in order to determine whether plaintiff states a

13   potentially colorable claim.  If plaintiff files an amended complaint, plaintiff must include factual

14   allegations in the complaint itself, rather than relying on the content of any attached exhibits, in

15   order to state a claim.

16   **III.  LEAVE TO AMEND**

17          If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot

18   refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule

19   220 requires that an amended complaint be complete in itself without reference to any prior

20   pleading.  This requirement exists because, as a general rule, an amended complaint supersedes

21   the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir.

22   2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

23   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

24   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25   original complaint, each claim and the involvement of each defendant must be sufficiently

26   alleged.

27   **IV.  CONCLUSION**

28          In accordance with the above, IT IS HEREBY ORDERED that:

1    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

3  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

5  Director of the California Department of Corrections and Rehabilitation filed concurrently

6  herewith.

7    3.  Plaintiff's complaint is dismissed.

8    4.  Within thirty days from the date of this order, plaintiff shall complete the attached

9  Notice of Amendment and submit the following documents to the court:

10    a.  The completed Notice of Amendment; and

11    b.  An original of the Amended Complaint.

12  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

13  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

14  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

15  Failure to file an amended complaint in accordance with this order may result in the dismissal of

16  this action.

17

18  Dated:  May 5, 2025

19

20  CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

21

22  Dr950.14/2

23

24

25

26

27

28

7

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BILLY DRIVER, JR.,                    No.  2:25-cv-00950 DC CSK P

                    Plaintiff,
12
            v.                            NOTICE OF AMENDMENT
13
    C. CASTILLO, et al.,
14
                    Defendants.
15

16

17       Plaintiff submits the following document in compliance with the court's order

18  filed on _____ (date).

19

20                          ☐        Amended Complaint

21                          (Check this box if submitting an Amended Complaint)

22  DATED:

23                                    _____
                                      Plaintiff
24

25

26

27

28