UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. CASTILLO, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-00950 DC CSK P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2025, this Court dismissed plaintiff's complaint with leave to file an amended complaint.  (ECF No. 7.)  Pending before the Court is plaintiff's amended complaint.  (ECF No. 10.)  For the following reasons, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

**I.  SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**II. PLAINTIFF'S AMENDED COMPLAINT**

In the amended complaint, plaintiff does not list the defendants. After reviewing the amended complaint, it appears that plaintiff intends to name as defendants California State Prison-Sacramento ("CSP-Sac") Warden Schultz, C. Castillo and Lieutenant Anderson. (ECF No. 10 at 1.) Plaintiff alleges that on January 15, 2025, at the Institutional Classification

Committee ("ICC"), plaintiff told defendants Schultz, Castillo and Anderson that plaintiff had safety concerns at CSP-Sac and statewide. (Id.) Plaintiff stated that the investigation of plaintiff's safety concerns by Officer Alvarado was illegal because Officer Alvarado was one of the officers who plaintiff filed staff concerns against just twenty days prior.[1] (Id. at 1-2.) Defendants Schultz, Castillo and Anderson told plaintiff that an inmate at CSP-Sac could not have staff enemy and safety concerns. (Id.) Plaintiff told defendants that plaintiff could not go back to the B Facility General Population because plaintiff was in danger of being physically assaulted by inmates in B Facility, block 5, cell # 105. (Id.) Defendant Castillo told plaintiff that he would house plaintiff in B Facility block 7, away from B facility, block 5. (Id.) Defendant Schultz told plaintiff that if plaintiff did not agree with the ICC action, plaintiff could file a grievance. (Id.)

On February 25, 2025, defendant Anderson approached plaintiff's cell door and asked why plaintiff refused to go to B Facility. (Id. at 3.) Plaintiff told defendant Anderson that plaintiff feared for his life because an inmate in B Facility, block 5, cell # 105 was awaiting plaintiff's return to B Facility. (Id.) Defendant Anderson told plaintiff that if plaintiff did not voluntarily go to B Facility, plaintiff would be extracted from his cell and forcefully taken to B Facility. (Id.) On February 26, 2025, a second watch officer ordered plaintiff out of his cell, stating that plaintiff was being escorted and that plaintiff would receive a rules violation report if plaintiff refused his housing assignment. (Id. at 3-4.)

On March 5, 2025, inmates Stone and Young approached plaintiff's cell door in B Facility, block 7, and picked up several food items that had been left for plaintiff by another inmate. (Id. at 4.) Inmate Stone told plaintiff, "I am taking your canteen because you are a piece of shit sex offender. We are going to come into your cell and stab you to death if you don't get off the yard!" (Id.) On March 5, 2025, plaintiff wrote a grievance regarding this incident and requested that inmates Stone and Young be put on plaintiff's enemy list. (Id.) Plaintiff claims that he has written twelve dozen grievances for every time inmate Stone came to plaintiff's door

---

[1] It is unclear if plaintiff intended to name Officer Alvarado as a defendant. Plaintiff shall clarify in a second amended complaint whether Officer Alvarado is being named as a defendant.

and threatened to physically harm plaintiff.  (Id.)  As of March 13, 2025, plaintiff was back in administrative segregation.  (Id.)

**III. DISCUSSION**

Plaintiff appears to raise failure-to-protect claims against defendants Schultz, Castillo and Anderson based on their decision to house plaintiff in B Facility, block 7, in alleged disregard of plaintiff's safety concerns.  Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by others.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To state a failure-to-protect claim against an official, an inmate must allege: (1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety.  See id. at 834.  "Deliberate indifference" occurs when an officials knows of and disregards an excessive risk to an inmate's safety.  See id.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

For the following reasons, this Court finds that plaintiff fails to state a potentially colorable failure-to-protect claim against defendants Schultz, Castillo and Anderson.  Plaintiff claims that after he told defendants that plaintiff had safety concerns from inmates in B Facility, block 5, defendants told plaintiff that they would transfer plaintiff to B Facility, block 7.  Plaintiff fails to demonstrate how housing plaintiff in block 7, rather than in block 5, constituted deliberate indifference to plaintiff's safety concerns.  In addition, plaintiff fails to plead sufficient facts demonstrating that defendants knew of plaintiff's alleged safety concerns regarding inmates Stone and/or Young.  Plaintiff admits that inmates Stone and Young were not on plaintiff's enemy list. While plaintiff claims that he previously filed twelve dozen grievances for every time inmate Stone threatened plaintiff, plaintiff does not allege that defendants had knowledge of these grievances.  Plaintiff also does not make clear whether inmate Stone or inmate Young were the inmates housed in cell # 105 in B Facility, block 5, with whom plaintiff allegedly had safety concerns.  In addition, if inmates Stone and Young were housed in cell # 105 in B Facility, block 5, it is not clear to this Court how inmates Stone and Young were able to access plaintiff's cell in B Facility, block 7.  To the extent plaintiff claims that defendants disregarded plaintiff's safety

4

concerns regarding prison staff, plaintiff pleads no specific facts demonstrating safety concerns regarding prison staff in B Facility, block 7.  For these reasons, this Court finds that plaintiff fails to state a potentially colorable failure-to-protect claim against defendants Schultz, Castillo and Anderson.  Plaintiff's amended complaint is dismissed with leave to file a second amended complaint.  **No further leave to amend will be granted**.

Finally, attached to plaintiff's complaint are 69 pages of exhibits.  (ECF No. 10 at 9-78.)  Although the court liberally construes pro se complaints, "the court will not comb through attached exhibits to determine whether a claim could possibly be stated based on material in the exhibits where the pleading itself does not state a claim."  Moore v. C.F.Y. Development Inc., 2025 WL 775505, at *2 (E.D. Cal. Mar. 11, 2025) (citing Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR Health Care, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022)).  For this reason, this Court will not review the exhibits attached to the amended complaint in order to determine whether plaintiff states a potentially colorable claim.  If plaintiff files a second amended complaint, plaintiff must include factual allegations in the second complaint itself, rather than relying on the content of any exhibits, in order to state a claim.

**IV.  LEAVE TO AMEND**

Plaintiff is granted leave to file a second amended complaint addressing the pleading defects discussed above.  If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 13, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Driv950.ame/2

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>          Plaintiff,<br><br>     v.<br><br>C. CASTILLO, et al.,<br><br>          Defendants. | No. 2:25-cv-00950 DC CSK P<br><br>NOTICE OF AMENDMENT |

     Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

     [ ]     Second Amended Complaint
             (Check this box if submitting a Second Amended Complaint)

DATED:
                                   _____
                                   Plaintiff

7