UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,                                          No.  2:25-cv-00950 DC CSK P

          Plaintiff,

      v.                                          ORDER

C. CASTILLO, et al.,

          Defendants.

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On February 4, 2026, this Court recommended that this action be dismissed. (ECF No. 14.)  In response to the findings and recommendations, plaintiff filed a pleading titled, "Plaintiff Objection and Motion Request for Magistrate Recusal…" (ECF No. 15.)  For the following reasons, plaintiff's request for recusal of the undersigned is denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  If the affidavit is legally sufficient, a judge cannot proceed and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; see also United States v.

1

Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  However, if the affidavit under § 144 lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citations omitted).

Under both recusal statutes, the substantive standard for legal sufficiency is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).  "To provide grounds for recusal, prejudice must result from an extrajudicial source.  A judge's previous adverse ruling alone is not sufficient bias."  Mayes, 729 F.2d at 607 (internal citation omitted).

The undersigned may address plaintiff's request for recusal because plaintiff's affidavit in support of the request is legally insufficient.  In the request for recusal, plaintiff claims that the undersigned has shown "undue bias and the unlawful lack of a fair hearing."  (ECF No. 15 at 2.) The grounds of plaintiff's request for recusal appear to be the undersigned's recommendation for the dismissal of this action.  (Id.)  As stated above, the undersigned's previous adverse rulings are not sufficient to demonstrate bias.  The undersigned declines to recuse herself because there has been no showing of personal bias or prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for recusal (ECF No. 15) is denied.

Dated:  February 24, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Driv950.rec/2

2